UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBENSTEIN LAW, P.A.,

      Plaintiff,

v.                                      Case No: 8:16-cv-1511-T-36JSS

FRIEDMAN LAW ASSOCIATES, P.L.,
PHILIP A. FRIEDMAN and
CHRISTOPHER K. LEIFER,

      Defendants.

_____/

## ORDER

THIS MATTER is before the Court on Defendant and Counter Claimant's Motion for Entry of Confidentiality Order Without Attorneys' Eyes Only Provision ("Motion"). (Dkt. 73.) A hearing was held on this matter on January 17, 2017. Upon consideration, and for the reasons stated below, the Motion is denied.

## BACKGROUND

Plaintiff Rubenstein Law, P.A. brings this trademark infringement action alleging Defendants, Friedman Law Associates, P.L., as well as individual attorneys Philip A. Freidman and Christopher K. Leifer, willfully adopted and used trademarks and domain names that are confusingly similar to Plaintiff's 1-800-FL-LEGAL mark. Defendants in turn brought a counterclaim against Plaintiff in connection with the toll-free numbers containing the alphanumeric characters "FL Legal." Specifically, Plaintiff uses the toll-free number "1-800-FL-LEGAL" and Defendants use "888-FL-Legal."

During the course of discovery, the parties agreed on the efficacies of a confidentiality order that allows them to designate certain materials as "confidential" such that they may not be

disclosed to third parties.   (Dkt. 73 at 2.)   Plaintiff proposed a two-tier confidentiality order

containing the following provision to designate certain documents as "Attorneys' Eyes Only":

> Any Producing Party may designate any Confidential Material as "ATTORNEYS'
> EYES ONLY" if such producing party believes in good faith that such Confidential
> Material contains confidential, commercially sensitive, or proprietary information
> related to any of the following: technical data, research and development
> information, marking or other business plans, product or service information,
> customer information, trade secrets, competitive information, or financial
> information of the Producing Party, including, without limitation, sales and cost
> information or any other information of such sensitivity to warrant "Attorneys'
> Eyes Only" treatment, including, information in written, oral, electronic, graphic,
> pictorial, audiovisual, or other form, whether it is a document, information
> contained in a document, item produced for inspection, information revealed during
> deposition, information revealed in an interrogatory answer, or otherwise.

(Dkt. 74-7.)   Defendants oppose Plaintiff's proposed confidentiality order and filed the Motion at

issue, specifically opposing the "Attorneys' Eyes Only" ("AEO") provision.   In the Motion,

Defendants concede that some documents will be confidential and attach as an exhibit their own

proposed confidentiality order without an AEO provision.   (Dkt. 73-1.)   Defendants contend that

an AEO provision would exclude Defendants, particularly Mr. Friedman and Mr. Leifer, from

meaningfully participating in the defense and prosecution of their case.

In response, Plaintiff argues that, if given access to such confidential information,

Defendants would either intentionally or inadvertently misuse Plaintiff's confidential customer

and supplier lists, sales and marketing plans, design, cost and financial data, and other sensitive

information.   Plaintiff therefore moves the Court to enter Plaintiff's proposed Confidentiality

Order Governing Disclosures of Confidential Material ("Confidentiality Order"), which includes

the AEO provision.   (Dkt. 74, 74-7.)

## APPLICABLE STANDARDS

The Court may issue a confidentiality order for good cause to preserve the confidentiality

of sensitive materials and regulate access to the information pursuant to Federal Rule of Civil

Procedure 26(c)(1)(G).  *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987).

"Such an order, if issued upon good cause and limited to pretrial civil discovery, is not subject to

heightened scrutiny."  *Id*.  In determining whether to enter a confidentiality order, courts apply the

analysis applicable for entry of protective orders.  *See Corcel Corp. v. Ferguson Enterprises, Inc.*,

291 F.R.D. 680 (S.D. Fla. 2013); *Coe v. Beverstein*, No. 12-81290-CIV, 2013 WL 12129266 (S.D.

Fla. June 26, 2013); *Moore v. Lender Processing Servs., Inc.*, No. 312-CV-205-J-99TJC, 2012 WL

4953127 (M.D. Fla. Oct. 17, 2012).

The party seeking entry of a confidentiality or protective order bears the burden of showing

its necessity, and this burden requires a "particular and specific demonstration of fact as

distinguished from stereotyped and conclusory statements." *Ekokotu v. Fed. Express Corp.*, 408

F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3

(5th Cir. 1978)).  The standard used to determine whether trade secrets and other confidential

information are entitled to protection is whether the disclosure of such information would result in

a "specified harm."  *Lockheed Martin Corp. v. Boeing Co.*, No. 6:03CV796 ORL28KRS, 2005

WL 5278461 (M.D. Fla. Jan. 26, 2005).  When determining good cause, courts may balance the

interests of the parties and consider the likelihood and severity of the perceived harm.  *In re

Alexander Grant & Co. Litig.*, 820 F.2d at 356.

## ANALYSIS

Upon consideration of Defendants' Motion, Plaintiff's response, the parties' proposed

confidentiality orders, and the parties' oral arguments, the Court finds good cause to enter a

confidentiality order governing the exchange of confidential information in this case.  Good cause

exists for the entry of a confidentiality order to protect the parties' confidential business

information from disclosure.  Both parties agree that, considering the interest of the parties and the potential for harm, such an order is warranted.

Entry of a confidentiality order that includes an AEO provision is also warranted. Prohibiting disclosure of confidential information to in-house counsel and other individuals may be appropriate when the individual is involved in "competitive decision making" for the parties. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984); *Lockheed*, 2005 WL 5278461, at *3; *United States v. Dentsply Int'l Inc.*, 187 F.R.D. 152, 159-60 (D.Del. 1999). "Competitive decision making" includes activities in which counsel participates and advises "in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *U.S. Steel Corp.*, 730 F.2d at 1468 n.3. The critical inquiry is whether the attorney is involved in competitive decision making such that the attorney would have a difficult time compartmentalizing his knowledge.  *Lockheed*, 2005 WL 5278461, at *3 (quoting *Dentsply Int'l, Inc.*, 187 F.R.D. at 159-60).

Here, both Mr. Friedman and Mr. Leifer have been actively involved in competitive decision making.  Mr. Friedman and Mr. Leifer interacted with vendors regarding Defendants' advertising, including the law firm's web design and logo.  (Dkt. 74-1, 74-3.)  While Mr. Leifer is not a partner at Defendant Friedman Law Associates, P.L., he stated at the hearing on this Motion that he is the director of operations and makes recommendations to Mr. Friedman concerning decisions related to the law firm.

Further, Mr. Friedman and Mr. Leifer may have a difficult time compartmentalizing knowledge gained from Plaintiff's confidential information.  In its response, Plaintiff specifically refers to emails between Defendants and their marketing vendors to demonstrate that Defendants have been targeting Plaintiff's domain name, email address, and logo to allegedly confuse potential

clients.  (Dkt. 74-1, 74-3.)  For example, Defendant Mr. Friedman sent a photograph of Plaintiff's billboard featuring Plaintiff' 1-800-FL-Legal telephone number to Defendants' marketing company and requested that the company use "fl-legal" in a tagline in order to confuse potential clients into thinking it was Plaintiff.  (Dkt. 74-1.)  From the information presented to the Court, the parties are in direct competition and will continue to be in competition in the expected future. Thus, good cause exists to believe that Plaintiff's confidential information produced in discovery may contain competitively sensitive information, the disclosure of which to Mr. Friedman and Mr. Leifer could give Defendants a competitive advantage.  *Lockheed*, 2005 WL 5278461, at * 3; *Sony Computer Entm't Am., Inc. v. NASA Elecs. Corp*., 249 F.R.D. 378, 382-83 (S.D. Fla. 2008).

Plaintiff has demonstrated that the disclosure of confidential information to Defendants would result in specified harm.  However, as discussed by the Court at the hearing, Plaintiff's proposed AEO provision is too broad and the categories overlap, making them redundant. Accordingly, the AEO provision is limited to the following five categories of information: marketing plans and other business plans, customer information, potential customer information, and financial information.  *See Lockheed*, 2005 WL 5278461, at *3 (finding the type of information that may not be disclosed to individuals engaged in competitive decision making includes sales and marketing plans, financial forecasts, margin, pricing, design, cost and customer information).

Last, the Court addresses Paragraph Ten of Plaintiff's proposed Confidentiality Order regarding filing documents under seal.  In Paragraph Ten, the parties state that the "Court's adoption of this Stipulation as an order of the Court shall be sufficient pursuant to Local Rule to permit the parties to file confidential material under seal."  (Dkt. 74-7.)  Paragraph Ten then describes how such documents are to be filed with the Court.  However, the proposed procedure for sealing documents does not comply with Local Rule 1.09.  There is a general common law

right to inspect and copy judicial records and public documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Both judicial proceedings and judicial records are presumptively available to the public." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). As such, the Court requires the parties to comply with Local Rule 1.09, which establishes the procedures for a party to move to file a document under seal. *See* M.D. Fla. Local R. 1.09. Accordingly, it is

       **ORDERED**:

1. Defendant's Motion for Entry of Confidentiality Order Without Attorney's Eyes Only Provision (Dkt. 73) is **DENIED**.

2. Plaintiff's proposed Confidentiality Order Governing Disclosures of Confidential Material underlined as Exhibit G to Plaintiff's Response (Dkt. 74-7) is specifically incorporated by reference within this Order, but Paragraph Ten is stricken and the Attorneys' Eyes Only provision located at Paragraph Two shall be limited to the following categories of information: marketing plans and other business plans, customer information, potential customer information, and financial information.

       **DONE** and **ORDERED** in Tampa, Florida, on January 27, 2017.

_____

JULIE S. SNEED

UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record