UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBENSTEIN LAW, P.A.,

       Plaintiff,

v.                                                Case No: 8:16-cv-1511-T-36JSS

FRIEDMAN LAW ASSOCIATES, P.L.,
PHILIP A. FRIEDMAN and
CHRISTOPHER K. LEIFER,

       Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendants to Answer Plaintiff's First Set of Interrogatories (Dkt. 106) and Plaintiff's Motion to Compel Defendants to Produce Documents in Response to Plaintiff's First Set of Requests for Production (Dkt. 108).

## BACKGROUND

Plaintiff Rubenstein Law, P.A. brings this trademark infringement action alleging Defendants willfully adopted and used trademarks and domain names that are confusingly similar to Plaintiff's 1-800-FL-LEGAL mark.  Defendants in turn brought a counterclaim against Plaintiff in connection with the toll-free numbers containing the alphanumeric characters "FL Legal."  Specifically, Plaintiff uses the toll-free number "1-800-FL-LEGAL" and Defendants use "888-FL-Legal."

On January 30, 2017, Plaintiff filed its Motion to Compel Defendants to Answer Plaintiff's First Set of Interrogatories ("Motion to Compel Answers") and its Motion to Compel Defendants to Produce Documents in Response to Plaintiff's First Set of Requests for Production ("Motion to Compel Documents").  (Dkts. 106, 108.)  Plaintiff argues that Defendants served their responses

to Plaintiff's discovery requests past the deadline and, therefore, Defendants' objections have been waived. (Dkts. 106, 108.) Moreover, at the time of filing the Motions at issue, Defendants had not produced a single responsive document. Defendants initially filed motions to strike Plaintiff's Motions to Compel. (Dkts. 107, 109.) However, the parties later filed a Joint Statement Regarding Pending Motions, withdrawing the motions to strike and stating that the parties would engage in "further good faith discussions to resolve all discovery disputes." (Dkt. 122 at 2.)

On March 3, 2017, Defendants filed responses to Plaintiff's Motions to Compel. (Dkts. 139, 140.) In their response to Plaintiff's Motion to Compel Documents, Defendants represented that Plaintiff's motion should be denied as moot as Defendants had produced responsive documents. (Dkt. 140 at 1.) The Court ordered the parties to confer in light of Defendants' response and directed Plaintiff to supplement its Local Rule 3.01(g) certificate or withdraw the Motion to Compel Documents. (Dkt. 141.) Subsequently, Plaintiff filed a Supplemental Certificate Under Local Rule 3.01(g) for its Motion to Compel Documents ("Supplemental Certificate") indicating that a discovery dispute remains. (Dkt. 142.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 37 allows any party "on notice to other parties and all affected persons…[to] move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37. District courts have broad discretion in managing pretrial discovery matters and in deciding whether to grant motions to compel. *Perez v. Miami-Dade Cnty*., 297 F.3d 1255, 1263 (11th Cir. 2002); *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Relevant discovery is defined broadly as any information that "appears reasonably calculated to lead to the discovery of admissible evidence."

*Id.* The U.S. Supreme Court held that the term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

## ANALYSIS

### A.    Plaintiff's Motion to Compel Answers

Plaintiff moves to compel Defendants to provide better answers to Interrogatories Number 1, 3, 4, 5, 6, 7, 8, 9, and 12.  In Interrogatory Number 1, Plaintiff seeks the following:

> Describe with specificity how the Defendants first obtained the Defendants' 888-Phone Number, including but not limited to: (a) the date upon which such phone number was obtained; (b) from whom such phone number was obtained; (c) the type of rights that were obtained in such phone number, whether ownership, license, or other grant of right; and (d) the agreed price for the grant of rights obtained for the Defendants' 888-Phone Number.

(Dkt. 106-1 at 4.)  In response, Defendants state: "[c]ompleted a toll free number search, using the internet, to ascertain available toll free numbers. Saw that 888-355-3425 (888-FL-LEGAL) was available. Contacted its owner and negotiated a sales price.  (a) March 2015 (b) Daniel Lacheen (c) 100% interest (d) $32,500.00."  (Dkt. 106-1 at 4.)  Plaintiff argues that Defendants failed to provide specific information, including who conducted the activity addressed in Defendants' response.  (Dkt. 106 at 9.)  Defendants argue that the interrogatory does not request this information. (Dkt. 139 at 5.)  However, the interrogatory requests Defendants to "[d]escribe with specificity."  Further, the response is written in incomplete sentences, specifically omitting who conducted the activity.  This information is relevant to Plaintiff's allegations of trademark infringement.  Therefore, Defendants are directed to supplement their response to this interrogatory to include who conducted the activity in question.

Interrogatory Number 3 requests Defendants to "[f]ully explain the facts and circumstances under which Defendants first became aware of Plaintiff's Mark and each of Plaintiff's Domain

Names, including but not limited to the date, and the identity of all persons associated with Defendants that Acquired such Names as a result of the instant litigation." (Dkt. 106-1 at 4.)   In their response, Defendants state that they "first learned of Counterdefendants' use of the infringing '1-800-FL-Legal' designation in or about July 2015 and learned about Plaintiff's Domain Names as a result of the instant litigation." (Dkt. 106-1 at 4.)   Plaintiff argues that this response is "demonstrably false" in light of a January 2015 email between Defendant Philip Friedman and a web designer wherein Friedman states that "Rubenstein" owns "1800flegal." (Dkt. 106-2 at 3.) In response, Defendants argue that "Friedman was aware that Plaintiffs were using 1-800-FL-Legal in Tampa, but was not aware until July 2015 that Plaintiffs had a Florida trademark." (Dkt. 139 at 3.) Defendants further argue, and the Court agrees, that Plaintiff cannot compel Defendants to provide an answer that is inaccurate from their point of view and can question the relevant witness about this issue during a deposition. (Dkt. 139 at 3.) Therefore, the Motion to Compel Answers as to this interrogatory is denied.

Interrogatories Number 4, 5, and 6 request information regarding Defendants' advertising, the confusion of consumers caused by the alleged trademark infringement, and the legal services Defendants have performed in connection with the alleged trademark infringement. (Dkt. 106-1 at 4–6.) In their responses, Defendants reference Federal Rule of Civil Procedure 33(d) and state that documents from which the answers to the interrogatories may be determined will be provided to Plaintiff in response to Plaintiff's First Request for Production. (Dkt. 106 at 3–6.) Plaintiff requests that the Court order Defendants to fully comply with Rule 33(d) by identifying and producing the specific responsive documents. (Dkt. 106 at 3–6.) Federal Rule of Civil Procedure 33(d) provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including

electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). Defendants may not simply incorporate by reference every single document they have produced in response to Plaintiff's requests to produce. A reference to documents "is not necessarily a full answer, and the information in the document—unlike the interrogatory answer—is not ordinarily set forth under oath." Middle District Discovery (2015) at § IV.C.3. Therefore, Defendants are directed to supplement their responses to Interrogatories Number 4, 5, and 6 to specifically identify responsive documents by Bates label. Further, with regard to Interrogatory Number 6, Defendants argue that most of its responsive information would be privileged. (Dkt. 139 at 4.) However, Defendants did not provide a privilege log. Therefore, Defendants are directed to supplement their response with a privilege log identifying the author(s) of the document, the recipient(s) (including copy recipients) of the document, the subject matter of the document, the date of the document, and a specific explanation of why the document is privileged or excluded from discovery. See Fed. R. Civ. P. 26(b)(5)(A).

Interrogatory Number 7 requests Defendants to "[i]dentify and describe any and all searches conducted on the availability for use of the Infringing Mark and the Defendants' Infringing Domain Names." (Dkt. 106-1 at 6.) Defendants' response states that the availability of the toll free number was discovered using a Google search and the availability of the domains were located by searching GoDaddy.com. (Dkt. 106-1 at 6.) Plaintiff argues that this response is deficient because Defendants did not provide the dates that the searches were performed, the

content of the searches, or the results received from the searches.  (Dkt. 106 at 10.)  However, the interrogatory did not request this information.  Therefore, the Motion to Compel Answers as to this interrogatory is denied.

Interrogatory Number 8 requests information regarding Defendants' damages suffered as a result of the alleged infringing conduct by Plaintiff and Third-Party Defendants.  (Dkt. 106 at 10.)  In response, Defendants state that the alleged infringement has caused them "substantial damages, including loss revenues."  (Dkt. 106 at 10.)  Defendants further state that they have not completed calculating the damages and an expert will be used in calculating the damages.  (Dkt. 139 at 6.)  The Court finds that the information sought by Plaintiff meets the relevancy requirement of Rule 26(b), and Defendants are directed to supplement their response as additional information is acquired.  *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has . . . responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . .").

Interrogatory Number 8, subpart (h), further requests information regarding the steps Defendants have taken to mitigate their damages.  (Dkt. 106 at 10.)  Defendants' response states "FL Legal Group has made attempts to differentiate our advertising message from that of the Counterdefendant."  (Dkt. 106 at 10.)  Plaintiff argues that Defendants fail to identify what steps Defendants have taken to differentiate their advertising.  (Dkt. 106 at 10–11.)  Defendants' response is incomplete and evasive.  Therefore, Defendants are directed to supplement the response to subpart (h) of this interrogatory.  *See* Fed. R. Civ. P. 37(a)(4) ("An "evasive or incomplete" answer to an interrogatory is treated as a failure to answer.")

Interrogatory Number 9 requests Defendants to "[d]escribe with specificity each relationship any of the Defendants have with any witness in this dispute, whether involving

business or personal matters" and requests specific information regarding the relationship, including "the frequency of contact between any of the Defendants and the witness since January 1, 2014." (Dkt. 106-1 at 7.) Defendants' response identifies three witnesses and describes the frequency of contact as "ongoing" or "not routine." (Dkt. 106-1 at 7.) Plaintiff argues that in transferring this matter to the Middle District of Florida, Defendants identified 26 witnesses. Plaintiff further argues that Defendants' response is vague and incomplete and requests the Defendants supplement their response with a description of the nature of the relationship each Defendant has with each of the 26 previously identified witnesses, when the relationship commenced, and the actual frequency of contact between each of the Defendants and the witnesses. (Dkt. 106 at 7.) The Court finds this interrogatory overly broad and unduly burdensome under Rule 26(b)(1). Therefore, the Motion to Compel Answers as to this interrogatory is denied.

Plaintiff's Interrogatory Number 12 requests the following:

Describe with specificity the history of use in commerce of Defendants' alleged FL LEGAL GROUP mark, including but not limited to by: (a) identifying the first owner and user of the mark; (b) identifying all persons who participated in creating or adopting the mark; (c) identifying all persons who have participated in advertising or promoting the mark and the particular tasks they perform with regard thereto; (d) the specific advertisement in which the mark was first used; (e) for each year since its first use in commerce, the number of advertisements featuring the mark that have been published along with a description of each such advertisement, the date on which it was published, and place where it was published.

(Dkt. 106-1 at 8.) Defendants state that they will produce "documents from which the answers to some of the subparts to this interrogatory may be determined . . . ." (Dkt. 106-1 at 8.) Defendants argue that this request is overly broad and unduly burdensome and that "in no event should Defendants be required to provide detailed summaries of documents to the Plaintiffs when the documents themselves are being, or have been produced." Plaintiff requests that Defendants be compelled to withdraw the Rule 33(d) reference and fully respond to the interrogatory in writing.

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  In the Amended Complaint, Plaintiff alleges that "Defendants' unauthorized use of Plaintiff's 1-800-FL-LEGAL Mark and/or of the confusingly similar 888-FL-LEGAL mark in commerce in connection with the promotion and sale of legal services is likely to cause confusion among consumers" and that Defendants have engaged in this conduct willfully.  (Dkt. 71 ¶¶ 72, 73.)  Plaintiff further alleges that this willful conduct has caused injury to Plaintiff, "including without limitation irreparable injury to the goodwill associated with Plaintiff's 1-800-FL-LEGAL Mark."  (Dkt. 71 ¶ 74.)  Interrogatory Number 12 is therefore relevant to Plaintiff's claims.  However, subpart (c), requesting Defendants to identify "all persons who have participated in advertising or promoting the mark and the particular tasks they perform," is overly broad and not narrowly tailored.  Therefore, the Motion to Compel Answers as to Interrogatory Number 12 is granted in part and denied in part.  Defendants are directed to supplement their response to subparts (a), (b), (d) and (e) of Interrogatory Number 12. The Motion to Compel Answers is denied as to subpart (c) of Interrogatory Number 12.

### B.    Plaintiff's Motion to Compel Documents

In its Motion to Compel Documents, Plaintiff addresses nearly all of its 109 requests for production to Defendants, contending that Defendants' responses are deficient because, in part, Defendants have not produced any responsive documents or a privilege log.  (Dkt. 106.)  In their response, Defendants merely state that Plaintiff's Motion to Compel Documents should be denied as moot "because Defendants produced additional responsive documents on March 2, 2017."  (Dkt. 140.)  However, in its Supplemental Certificate, Plaintiff states that the parties have conferred in good faith but have not reached an agreement with respect to Plaintiff's Motion to Compel

Documents. (Dkt. 142 at 2.) Specifically, Plaintiff argues that on January 31, 2017, Defendants produced documents, but failed to identify which requests the documents were responsive to, if any. (Dkt. 142 at 1.) Counsel for both parties conferred on February 27, 2017, regarding Defendant's requirement to identify to which requests the documents were responsive. (Dkt. 142 at 2.) Thereafter, on March 1, 2017, Defendants produced a second set of documents, but again failed to identify to which requests the documents were responsive. (Dkt. 142 at 2.) On March 6, 2017, Plaintiff's counsel requested that Defendants amend their responses to identify which requests the documents were responsive to in order for Plaintiff to determine whether its Motion to Compel Documents could be narrowed or withdrawn. (Dkt. 142 at 2.) On March 7, 2017, Defendants responded that they would provide such information; however, to date, they have failed to do so. (Dkt. 142 at 2.) "A party and counsel have complied with the duty to respond to a document request if they have…specifically identified those documents that are being or will be produced." Middle District Discovery (2015) at § III.A.5. Accordingly, Defendants are directed to supplement their responses to specifically identify responsive documents by Bates label. Further, to the extent necessary, Defendants are directed to supplement their responses with a privilege log identifying the author(s) of the document, the recipient(s) (including copy recipients) of the document, the subject matter of the document, the date of the document, and a specific explanation of why the document is privileged or excluded from discovery. *See* Fed. R. Civ. P. 26(b)(5)(A).

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Compel Defendants to Answer Plaintiff's First Set of Interrogatories (Dkt. 106) is **GRANTED** in part and **DENIED** in part. Defendants are

directed to supplement the responses to Interrogatories 1, 4, 5, 6, 8, and 12 as stated above within ten (10) days of this Order.  The motion is denied as to Interrogatories 3, 7, and 9.  Plaintiff's Motion to Compel is denied with respect to the request for fees and costs incurred in connection with the Motion.

2. Plaintiff's Motion to Compel Defendants to Produce Documents in Response to Plaintiff's First Set of Requests for Production (Dkt. 108) is **GRANTED** in part and **DENIED** in part.  Defendants are directed to supplement their responses within ten (10) days of this Order.  Plaintiff's Motion to Compel is denied with respect to the request for fees and costs incurred in connection with the Motion.

**DONE** and **ORDERED** in Tampa, Florida, on March 23, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

- 10 -